UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAKERA CHOUDHURY,

                                     Plaintiff,

             -v-

NYC HEALTH AND HOSPITALS CORP.,

                                    Defendant.

25 Civ. 5240 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Defendant New York City Health and Hospitals Corporation ("H+H") moves to stay all discovery, pending resolution of its motion to dismiss the amended complaint of plaintiff Shakera Choudhury. Dkt. 21. For the following reasons, the stay motion is denied in part and granted in part. The Court denies a complete stay of discovery but grants a stay of deposition and expert discovery until resolution of the motion to dismiss.

**I.  Background**

The Court assumes familiarity with the background of this case. In brief, Choudhury worked as a patient care associate at H+H from June 5, 2023 until her official termination on April 24, 2024. Dkt. 14 ¶¶ 9, 51. Choudhury, a Muslim woman of Bengali national origin, alleges that, throughout her employment, she experienced discrimination based on her race, religion, and national origin, as well as retaliation for reporting instances of discrimination. *Id.* ¶¶ 9–52. She brings claims under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and 42 U.S.C. § 1983. *Id.* ¶ 2.

On July 24, 2025, Choudhury initiated this action. Dkt. 1. On August 20, 2025, after H+H moved to dismiss the complaint, Choudhury filed the Amended Complaint. Dkt. 14

1

("AC"). On September 24, 2025, H+H moved to dismiss the AC. Dkt. 17 ("MTD"). On September 30, 2025, H+H moved for a stay of discovery, pending adjudication of the motion to dismiss. Dkt. 21 ("MTS"). On October 3, 2025, Choudhury timely opposed. Dkt. 22 ("Opp. to MTS"). On October 15, 2025, Choudhury filed her opposition to the motion to dismiss. Dkt. 27 ("Opp. to MTD").

## II. Applicable Legal Standard

"It is well-settled that the issuance of a stay of discovery pending the outcome of a motion to dismiss is 'by no means automatic.'" *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 9 Civ. 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). Under Federal Rule of Civil Procedure 26(c), "a court has 'considerable discretion' to stay discovery for good cause." *Gastineau v. ESPN Inc.*, No. 25 Civ. 2041 (PAE), 2025 WL 2733155, at *1 (S.D.N.Y. Sept. 24, 2025) (quoting *Honeywell Int'l*, 2009 WL 2777076, at *1)). In evaluating whether good cause has been shown, courts consider: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Guiffre v. Maxwell*, No. 15 Civ. 7433, 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016). "The party seeking a stay bears the burden of demonstrating good cause." *Gastineau*, 2025 WL 2733155, at *1.

## III. Discussion

The above factors counsel against a complete stay of discovery. The Court reviews each in turn. However, as described below, the Court finds that a partial stay is warranted to keep this litigation moving forward, while sparing the parties the expense of deposition and expert discovery prior to resolution of the motion to dismiss.

### A.    Showing that Plaintiff's Claims are Unmeritorious

In assessing whether there is good cause to stay discovery pending a motion to dismiss, courts first ask whether the motion to dismiss makes "a strong showing that the plaintiff's claim is unmeritorious." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72–73 (S.D.N.Y. 2013) (quoting *Telesca v. Long Island Hous. P'ship, Inc.*, No. 5 Civ. 5509, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006)).[1] In so doing, courts avoid "prejudging the motion to dismiss," so that a motion for a stay does not become "a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending." *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20 Civ. 11118, 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021). Courts "look[] to whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *Bennett v. Cuomo*, No. 22 Civ. 7846, 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023).

Here, H+H raises seven bases for dismissal. Specifically, it argues that: (1) Choudhury's Title VII claims are partially time-barred; (2) Choudhury has not pled a plausible hostile work environment claim; (3) Choudhury has not exhausted her administrative remedies with respect to claims related to her termination by H+H, which it contends are her only timely claims; (4) Choudhury has not plausibly alleged that her termination was discriminatory or retaliatory; (5) Choudhury has not stated a Section 1983 claim; (6) punitive damages are not available against H+H; and (7) the Court should decline to exercise supplemental jurisdiction over Choudhury's state-law claims if it dismisses her federal claims. Although the Court does not here resolve the

---

[1] H+H's motion suggests that a stay of discovery is warranted when the dispositive motion "does not appear to be without foundation in law." MTS at 2 (cleaned up). Although some courts have applied that standard, this Court follows Judge Gorenstein's well-reasoned analysis in *Hong Leong Finance Limited* finding the "strong showing" standard appropriate. 297 F.R.D. at 72–73.

3

motion to dismiss, which is in the briefing process, Choudhury's responses in her opposition brief appear substantial, such that the Court's current projection is that, more likely than not, at least some claims will survive. Accordingly, the Court does not find that H+H has made the "strong showing" required to warrant a stay. For the sake of brevity, the Court reviews only some of Choudhury's responses to the motion to dismiss.

In response to H+H's argument that the acts alleged by Choudhury before January 24, 2024 (*i.e.*, all acts except her effective termination) are barred by Title VII's 300-day limitations period, MTD at 9–10, Choudhury makes a substantial argument that the continuing violation doctrine salvages her hostile work environment claim, Opp. to MTS at 2; Opp. to MTD at 7–10. That doctrine allows a court to consider an employer's otherwise time-barred actions that are part of a series of "specific and related instances of discrimination," which the employer permitted "to continue unremedied for so long as to amount to a discriminatory policy or practice." *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 259 (2d Cir. 2023) (citation omitted). Salient here, if "[a] discrete discriminatory act, such as termination, [falls] within the limitations period," it can "render a hostile work environment claim timely if it is shown to be part of the course of discriminatory conduct that underlies the hostile work environment claim." *King v. Aramark Servs. Inc.*, 96 F.4th 546, 561 (2d Cir. 2024) (citation omitted). Here, Choudhury alleges that her termination stemmed from the course of conduct that underlies her hostile work environment claim. She alleges in detail that, from her first days at H+H, she was mocked, denied training and mentorship, and criticized because she was of Muslim faith and Bengali national origin. *See generally* AC ¶¶ 9–52. She alleges that on October 26, 2023, she was informed that she was terminated because she was "Muslim" and ordered to return her work identification. *Id.* ¶ 43. She alleges that, after she sent a written complaint to her supervisors, H+H reversed its decision

4

to terminate her, but did not return her confiscated identification or reinstate her hospital access, *id.* ¶ 45, "effectively placing her on unpaid, involuntary leave," Opp. to MTD at 8. Then, on January 9, 2024, Choudhury received a notice from H+H that disciplinary charges were being initiated against her for failing to report to work. AC ¶ 47. Choudhury was then terminated by letter, effective April 24, 2024. *Id.* ¶¶ 49–51. The AC thus appears to sufficiently link Choudhury's termination to the alleged mistreatment that preceded it, such that the continuing violation doctrine could apply and enable Choudhury's claims to encompass the conduct that H+H argues is time barred.

Choudhury also appears to offer a viable response to H+H's argument that she has not exhausted her administrative remedies with respect to the official termination in April 2024 or the disciplinary proceedings beforehand. MTD at 11–15. Noting that she was *pro se* when she filed her Equal Employment Opportunity Commission (EEOC) charge, Choudhury cites decisions affording *pro se* plaintiffs greater leniency in filings, including with the EEOC. *See* Opp. to MTS at 2–3; Opp. to MTD at 11. Choudhury also makes a colorable case for applying the "reasonably related" exception, which allows a court to consider a claim not asserted before the EEOC where "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Deravin v. Kerik*, 335 F.3d 195, 200–01 (2d Cir. 2003) (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 359–60 (2d Cir. 2001)).

In addition, Choudhury counters H+H's arguments that the AC has not stated a Section 1983 claim. In response to H+H's assertion that she fails to "describ[e] a specific policy," MTD at 20, Choudhury cites case law to the effect that a municipality's failure to adequately respond to complaints of constitutional violations "can effectively operate as a policy," Opp. to MTD at

5

19 (citing *Chislett v. N.Y.C. Dep't of Educ.*, No. 24 Civ. 972, 2025 WL 2725669, at *12 (2d Cir. Sept. 25, 2025)). In response to H+H's statement that Choudhury fails to "identif[y] any policy-makers, by name or title," MTD at 20, Choudhury notes that the AC identifies director of employee relations Sabrina Joslyn, who authored her termination letter, and who "exercises final policymaking authority with respect to" personnel functions, such as "the handling and response to employee complaints of discrimination, retaliation, and harassment," AC ¶ 51 n.1. And in response to H+H's argument that Choudhury does not "provide[] a single detail about other employees . . . of Muslim faith and Bengali national origin" who were subjected to similar discriminatory conduct, MTD at 21, Choudhury adduces case law supporting that a municipality can be held liable under Section 1983 in the absence of allegations that other employees suffered similar discrimination, so long as the discrimination against plaintiff was "frequent, severe, and tacitly ratified by supervisors," Opp. to MTD at 20 (citing *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 62–63 (2d Cir. 2014)). She also notes that the alleged hostile work environment stood to affect other Muslims, in that supervisors at H+H broadly stated to her that "Muslims don't work here," and that "[n]o one can stand Muslims or Bangladeshi immigrants in this clinic," which is "why most of our employees are non-Muslim." *Id.* ¶¶ 31, 40.

To be sure, H+H's arguments have force, too, and the Court cannot preview an outcome on the motion to dismiss. But Choudhury's substantial arguments prevent the Court from finding that H+H has made a strong showing that Choudhury's claims will all require dismissal. *See Guiffre*, 2016 WL 254932, at *2 ("With strong arguments on both sides, [d]efendant's argument does not rise to a level of the requisite 'strong showing' that [p]laintiff's claim is unmeritorious."); *see also Bennett*, 2023 WL 2021560, at *3 (finding that plaintiff "has not brought the kind of facially deficient complaint that merits a stay of discovery," where

6

opposition papers showed she "is not without facts or law to support the sufficiency of her complaint"); *Cambridge Cap. LLC*, 2021 WL 2413320, at *2 (denying request to stay where "it is not clear that [d]efendant is correct" and "[t]he issue will require further study and analysis").[2]

### B.  Breadth and Burden of Discovery

Courts assessing this second factor "look to whether discovery would 'reach such a wide breadth that good cause for a stay exists.'" *Bennett*, 2023 WL 2021560, at *3 (cleaned up) (quoting *Guiffre*, 2016 WL 254932, at *2). "Normal discovery in a limited matter does not alone rise to the level of good cause." *Guiffre*, 2016 WL 254932, at *2. Courts consider factors such as the number of defendants and claims, *HAHA Glob., Inc. v. Barclays*, No. 119 Civ. 4749, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020); the volume of plaintiff's discovery requests, *Mirra v. Jordan*, No. 15 Civ. 4100, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016); and the expense to defendants of responding to such requests, *Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 210 (S.D.N.Y. 1991). "[C]ourts have declined to issue a stay where defendants fail to show why discovery would be burdensome." *Bennett*, 2023 WL 2021560, at *4 (collecting cases).

Here, H+H broadly argues that "it would be wasteful for the parties to engage in the time and cost associated with discovery" because its motion to dismiss "is potentially case dispositive and this proceeding is in its infancy." MTS at 2. But H+H does not describe concretely the

---

[2] Choudhury also brings state-law claims under the NYSHRL and NYCHRL based on H+H's alleged discrimination and retaliation. Because those laws "afford protections unavailable under federal law to discrimination plaintiffs," and "appl[y] a more lenient standard than Title VII to discrimination and hostile work environment claims," these claims have a greater likelihood than her federal claims of surviving dismissal. *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 157 (2d Cir. 2017). Thus, even were the Court to dismiss her federal claims and decline to exercise supplemental jurisdiction over her state-law claims, it is likely that, in ensuing state-court litigation brought by Choudhury on her state-law claims, the discovery in this case would not prove wasteful, as it would be necessary to take in the state-court case.

7

nature or volume of the discovery demands that Choudhury has made or that it reasonably expects her to make. Nor does it attempt to demonstrate that the complexities or scale of this case will necessitate extensive discovery. On the contrary, this case appears modest in scale and complexity. It involves one plaintiff; its claims turn on common facts; there are no individual defendants; H+H has not demonstrated that a large number of fact witnesses are apt to be implicated so as to make its outgoing electronic discovery unusually burdensome and costly; all parties are local; and there is no reason to expect discovery to implicate complex operations or concepts, foreign language documents, or overseas witnesses or records. *Cf. Spinelli v. Nat'l Football League*, No. 13 Civ. 7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (granting stay where there were "40 defendants named in the lawsuit," "intrica[te] . . . contractual provisions involved," and "complex . . . claims asserted"); *Cota v. Art Brand Studios, LLC*, No. 21 Civ. 1519, 2022 WL 767110, at *2 (S.D.N.Y. Mar. 14, 2022) (same, where plaintiffs "served extremely broad requests for documents in a related arbitration (that ultimately was abandoned) and . . . do not dispute that they will seek similarly broad discovery in this case"); *Chrysler Cap. Corp.*, 137 F.R.D. at 210 (same, where defendants alleged that plaintiffs' discovery requests were "extensive and overwhelming, and will be so expensive that to respond will be a severe hardship on the defendants"). Because H+H makes "vague and conclusory contentions" which "are not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome," this factor counsels against a stay of discovery. *Mirra*, 2016 WL 889559, at *2 (denying stay request where "defendant neither explains how extensive the responses to the plaintiff's document requests might be nor provides any example of the extent of the anticipated responses to the plaintiff[']s document requests"); *see also Bensmaine v. City of N.Y.*, No. 21 Civ. 4816, 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022) (same, where

8

defendants "do not explain . . . what is unduly burdensome" about plaintiff's discovery requests); *Bennett*, 2023 WL 2021560, at *4 (same, where defendants "have not stated how long they expect discovery to take, how much material [plaintiff] has sought, the costs associated with discovery, or any other indicator that might demonstrate why discovery will be burdensome").

## C.   Risk of Unfair Prejudice

In assessing risk of unfair prejudice to a plaintiff, courts consider, *inter alia*, the risk of "witnesses' memories further fading with time" and the expense to plaintiff of delaying discovery. *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17 Civ. 6334, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020); *see also Mirra*, 2016 WL 889559, at *3. H+H contends, in sum, that staying discovery will not prejudice Choudhury because the case is in early stages and any stay would be relatively brief. *See* MTS at 2. Choudhury counters that "a stay would certainly, and most likely needlessly, delay these proceedings, prejudicing [her] ability to prosecute her claims." Opp. to MTS at 3.

Courts have found that "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG*, 17 Civ. 8709, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018). But courts have also recognized that the broad argument that H+H makes—that, because "the case is still at its early stages," plaintiff will not be harmed by a stay—"proves too much," because "[m]otions for stays of discovery based upon a motion to dismiss frequently (if not invariably) are made at the start of a case." *Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21 Civ. 9768, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022). Were this argument accepted, the prejudice factor "would always be decided in favor of the movant." *Id.* Here, Choudhury has not shown, and the Court cannot find, any distinctive risk of unfair prejudice to her from a stay of discovery. But Choudhury, like plaintiffs in general, does have an "interest in moving the

9

case forward." *Id.* And even where no unfair prejudice has been shown, "lack of prejudice alone does not merit a stay" where the other factors weigh against the movant. *Bennett*, 2023 WL 2021560, at *5 (citing *Guiffre*, 2016 WL 254932, at *2). This factor therefore supports denial of a wholesale stay.

### D. Overall Assessment

Because all three factors counsel against a stay of all discovery pending resolution of the motion to dismiss, H+H has not met its burden of demonstrating good cause. Accordingly, the Court denies H+H's motion for a wholesale stay of discovery. *See, e.g., Bennett*, 2023 WL 2021560, at *5; *Cambridge Cap. LLC*, 2021 WL 2413320, at *1; *Mirra*, 2016 WL 889559, at *3.

The Court will, however, stay deposition discovery and expert discovery until resolution of the motion to dismiss. That is because, in practice, those aspects of discovery tend to generate substantial work and expense, and are apt to occur late in the discovery process, by which point it is reasonable to forecast that the Court's decision on the motion to dismiss will have issued or be imminent. This outcome will enable this litigation (including the critical early-discovery steps of document review and production) to move forward, while cabining some of discovery's high-cost and later-stage processes until it is certain that claims in the AC have survived dismissal. The Court therefore grants a partial stay of discovery. *See, e.g., Merida Cap. Partners III LP v. Fernane*, No. 25 Civ. 1235, 2025 WL 1541072, at *4 (S.D.N.Y. May 30, 2025) (ordering that "only party discovery be stayed, and that [p]laintiff be permitted to continue to pursue discovery from third parties"); *Islam v. Cuomo*, No. 20 Civ. 2328, 2021 WL 12321042, at *3 (E.D.N.Y. June 14, 2021) (ordering that discovery be stayed as to certain communications from defendant and his employees, but that "the rest of discovery is to continue unabated"); *Miller v. Trans Union, LLC*, No. 25 Civ. 3370, 2025 WL 2677078, at *4 (E.D.N.Y. Sept. 18, 2025) (ordering that "parties are to engage in the exchange of limited discovery until the motion

10

to dismiss is decided which shall comprise solely of the exchange of initial Rule 26 disclosures and the service and responses of interrogatories and document demands").

## CONCLUSION

For the foregoing reasons, the Court denies the request to stay all discovery pending resolution of the H+H's motion to dismiss, but grants a stay of deposition and expert discovery pending resolution of that motion. The Court respectfully directs the Clerk of Court to terminate the motion at Docket 21.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: October 22, 2025
       New York, New York