UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAKERA CHOUDHURY,

                                  Plaintiff,

              -v-

NYC HEALTH AND HOSPITALS CORP.,

                              Defendant.

---

25 Civ. 5240 (PAE)

ORDER

**PAUL A. ENGELMAYER, District Judge:**

On December 22, 2025, plaintiff Shakera Choudhury filed a letter raising issues relating to electronic and written discovery in this case. Dkt. 34 ("Mot."). Choudhury requests that the Court approve her proposed electronically stored information ("ESI") protocol (the "proposed protocol") and compel defendant New York City Health and Hospitals Corporation ("H+H") to provide "overdue responses" to her first set of document requests and interrogatories. Mot. at 1. She argues that H+H has failed to produce a hit report, provided "no substantive evidence" to support its argument that the proposed protocol is unduly burdensome, and "missed deadlines without justification." *Id.* at 2–3.

On January 10, 2026, H+H opposed the motion. Dkt. 40 ("Opp'n").

For the reasons that follow, the Court denies Choudhury's motion to compel written discovery and request for the Court to so-order her proposed protocol, and directs the parties to meet and confer regarding outstanding issues related to that protocol.

**I.    Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case," considering, *inter alia*, "the importance of the issues at stake in the action," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(2)(B) provides that, with respect to ESI, "[a] party need not provide discovery of [ESI] from sources that the party identifies as not reasonably accessible because of undue burden or cost."

## II. Discussion

### A. Written Discovery Demands

Choudhury argues that H+H "had 52 days to respond" to Choudhury's first set of document requests and interrogatories, yet failed to do so. Mot. at 3. H+H states that it responded to such requests and interrogatories on December 23, 2025, the day after Choudhury's letter. Opp'n at 1. The Court, in an Order issued on December 23, 2025, had granted H+H's out-of-time request to extend the deadline for such a response. Dkt. 37.[1] Accordingly, Choudhury's motion to compel is denied as moot.

### B. ESI Protocol

H+H has objected to several components of the proposed protocol. The Court groups these into categories and reviews each in turn.

#### 1. Paragraphs II(1) and V(b)

Paragraph II(1) of the proposed protocol requires H+H to identify "all electronic systems, databases, and/or files that may contain documents or information responsive to Plaintiff's discovery requests." Dkt. 34-1 ("Proposed Protocol") ¶ II(1). Paragraph V(b) requires H+H to

---

[1] The Court's Order granting that extension directed H+H henceforth to "refrain from making post-deadline extension requests." Dkt. 37. The Court reminds H+H of its obligations under the Case Management Plan, which requires that any interim deadlines "be extended by the written consent of all parties," or alternatively by timely application to the Court. Dkt. 29 at 1.

search any "additional sources of ESI that may contain documents and/or information responsive to a discovery request not specifically referenced herein." *Id.* ¶ V(b).

H+H argues that it is neither reasonable nor practicable for it to comply with these requests. It states that H+H "is the largest municipal health-care system in the country," with approximately "89,000 active mailboxes," and "more than 70 patient-care locations across the five boroughs of New York City." Opp'n at 3. It also states that the sources with potentially responsive information "would include, at a minimum, the corporate e-mail accounts of every employee who ever interacted with Plaintiff." *Id.*

Based on H+H's representations, it appears that the ESI sought by these paragraphs, as currently formulated, "is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). Accordingly, the Court directs the parties to meet and confer as to a revised protocol that substantially narrows Paragraphs II(1) and V(b) of the protocol so as to limit the ESI to sources reasonably expected to yield "relevant" information and to make H+H's search "proportional to the needs of the case." *See, e.g.*, *Stinson v. City of New York*, No. 10 Civ. 4228, 2015 WL 4610422, at *5 (S.D.N.Y. July 23, 2015) ("[I]t is critical that the parties work together to define search criteria that will lessen the burdens of electronic discovery."); *William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) ("[T]he best solution in the entire area of electronic discovery is cooperation among counsel.").

### 2.    Paragraph VI and Groups 2 and 3 of Attachment B

Paragraph VI of the proposed protocol requires H+H to "review for relevance and responsiveness the entire work e-mail systems" for three individuals during the time frame of October 19, 2023 to November 2, 2023. Proposed Protocol ¶ VI. Groups 2 and 3 of Attachment B list additional keyword searches that H+H must perform. Proposed Protocol at 10–11.

H+H states that it no longer opposes these requests. Opp'n at 3–4. In addition, H+H states that it will provide Choudhury with the hit reports related to such requests by today, January 16, 2026. *Id.* Accordingly, the Court denies any request related to Paragraph VI and Groups 2 and 3 of Attachment B as moot.

**3.    Group 1 of Attachment B**

Group 1 of Attachment B contains additional keyword searches that H+H must perform. It requires H+H to search 10 custodians' records for 30 terms during the three-year period from November 30, 2021 to November 30, 2024. Proposed Protocol at 10.

H+H states that, on January 10, 2026, it ran a pre-collection search using the Group 1 search terms and produced a report to Choudhury, which revealed that such a search would result in a total of 1,280,915 hits and a data size of 1.25 terabytes. Opp'n at 5. H+H states that it has proposed modifying the Group 1 search parameters, and plans to share a report with Choudhury reflecting the hits and data size that such a revised search would generate. *Id.* In light of these developments, which have occurred since the filing of Choudhury's motion, the Court denies Choudhury's request related to Group 1. The parties are directed to meet and confer regarding reasonable search terms, taking into account the additional information that H+H has supplied. Based on H+H's depiction[2] of the anticipated challenges of complying with Choudhury's

---

[2] H+H describes, in detail, the reasons this request is onerous and impracticable. The Court summarizes some here. First, because H+H's e-mail system is "confined to servers physically located on hospital premises," searches on these consume limited resources and can take months to process, creating backlogs that delay other requests. Opp'n at 4. Second, H+H has a "journaling e-mail system," which is not compatible with modern e-discovery platforms and returns entries "spanning hundreds of accounts." *Id.* at 5. Third, the system cannot generate per-search-term hit reports. Thus, to comply with Choudhury's request, hospital information technology ("IT") staff would need to run each search term as a separate query. Because there are 10 custodians and 35 search terms, this would entail 350 searches, which H+H estimates would take one full-time employee approximately three to four months to complete. *Id.*

proposed terms, the Court strongly urges Choudhury to come to that conferral open to finding a compromise solution that is workable and realistic.

## CONCLUSION

For the foregoing reasons, the Court denies Choudhury's motion. The Clerk of Court is respectfully directed to terminate the motion pending at docket 34.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: January 16, 2026
      New York, New York

5